IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN GUNNING, as Administrator of the Estate of RUTH SHARON PARKER-GUNNING,<br><br>Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION<br>NO. 13-3965 |

## MEMORANDUM OPINION

SCHMEHL, J.                                              OCTOBER 2, 2013

This matter involves a claim against Defendant insurance company for failure to pay the proceeds of a life insurance policy. There are two motions pending before the Court: Defendant's Motion to Dismiss Plaintiff's Complaint (Docket No. 10) and Plaintiff's Motion to Amend Plaintiff's Complaint (Docket No. 15). Both motions have been responded to, and are ready for decision. For reasons set forth below, I will grant Defendant's Motion to Dismiss, and allow Plaintiff twenty (20) days to file an Amended Complaint setting forth any claims Plaintiff may have under ERISA. Further, I deny Plaintiff's Motion to Amend the Complaint, as it seeks to add additional counts that are also preempted by ERISA.

### I.     INTRODUCTION

Plaintiff is the administrator of the estate of his late wife, Ruth Sharon Parker-Gunning ("Gunning"). Gunning was found dead after ingesting excessive amounts of prescribed pain medication. (Compl., ¶¶ 1,5.) Gunning, as a former employee of US

Airways, was insured under a group life insurance policy issued by Prudential. (Compl., ¶ 3.) Prudential denied Plaintiff accidental death benefits under the group life policy due to the fact that its policy did not cover a loss resulting from suicide. (See Compl., Ex. A.) The medical examiner's report in this matter lists Gunning's cause of death as "acute prescription drug overdose." (Compl., ¶ 5.) Plaintiff alleges that Gunning's death was accidental. (Compl., ¶¶ 11.)

Prudential removed this case from the Philadelphia County Court of Common Pleas on July 9, 2013, and on July 31, 2013, Prudential filed a motion to dismiss Plaintiff's Complaint. Plaintiff's Complaint contains claims for breach of contract in Count I and "punitive damages" in Count II. (Compl., ¶¶ 15-16, 18-19.) The punitive damages count alleges that Prudential acted in "total bad faith" by drawing a conclusion of suicide from Gunning's overdose. (Compl., ¶ 19.) Thereafter, on August 30, 2013, Plaintiff filed a Motion to Amend the Complaint, seeking to file an Amended Complaint that contained the same breach of contract and punitive damages/bad faith claims as the original Complaint, together with new claims for violation of 42 Pa.C.S. § 8371 (Insurance Company Bad Faith) (Count III) and Statutory Bad Faith (Count IV). (See Am. Compl.)

II. **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in

2

the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

### III. DISCUSSION

Prudential seeks to dismiss Plaintiff's Complaint on the grounds that it contains state law claims that are preempted by the Employee Retirement Security Act of 1974. ("ERISA"), 29 U.S.C. §§ 1001 et seq. (2005). Further, Prudential opposes Plaintiff's Motion to Amend the Complaint, as it argues that the amendment merely seeks to add more counts that are preempted by ERISA.

#### A. ERISA

As discussed above, this matter involves a dispute over death benefits under a policy of life insurance issued by Prudential and offered to employees of US Airways. The first issue is whether or not this is an employee benefit plan governed by ERISA. ERISA defines an "employee welfare benefit plan" as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, or program was established or is maintained for the purpose of providing for its participants or their

3

> beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care, or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). A review of the policy in question, attached as Exhibit A to Plaintiff's Complaint, shows that it is a plan that provided death benefits to employees of U.S. Airways, and is therefore governed by ERISA.[1] (See Compl., Ex. A.).

The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. Aetna Health, Inc. v. Davila, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). "To this end, ERISA includes expansive pre-emption provisions (see 29 U.S.C. § 1144) which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Id., quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981).

ERISA's express preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144. In other words, a state law is preempted if it "relates to" an employee benefit plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). A law "relates to" an employee benefit plan if it "has a connection with or reference to such a plan." Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989), quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

---

[1] Although Plaintiff states that he does not "necessarily concede that Defendant's plan is an 'ERISA plan,'" Plaintiff sets forth no argument and cites no case law that would support the position that Defendant's plan is not an ERISA plan. (See Plaintiff's Reply to Mtn to Dismiss, ¶ 2.)

4

### B. Motion to Dismiss/Motion to Amend

Prudential filed a Motion to Dismiss Plaintiff's first Complaint, which contains counts for breach of contract and punitive damages based upon Defendant's bad faith refusal to pay benefits. This Motion was filed on July 31, 2013, and argues that the employee benefit plan in question was governed by ERISA and that ERISA preempted Plaintiff's state law claims. This case was transferred from the Honorable Thomas N. O'Neill, Jr., to the undersigned on August 5, 2013, and on August 30, 2013, Plaintiff filed a Motion to Amend, seeking to file an Amended Complaint which contained the same two counts for breach of contract and punitive damages for bad faith refusal to pay benefits, as well as new counts for violation of 42 Pa.C.S. § 8371 (insurance company bad faith) and statutory bad faith. (See Mtn to Amend, Ex. A.) On September 12, 2013, Plaintiff filed a response to Defendant's Motion to Dismiss, and on September 16, 2013, Defendant's filed a Memorandum of Law in opposition to Plaintiff's Motion to Amend the complaint. For reasons set forth more fully below, I will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend, but allow Plaintiff twenty days to file an amended complaint that contains any and all claims Plaintiff may have against Defendant under ERISA.

#### 1. Motion to Dismiss

Plaintiff's Complaint contains two state law claims, breach of contract and punitive damages for bad faith refusal to pay benefits. The Third Circuit has found that state law breach of contract claims arising from a denial of coverage under an employee benefit plan are preempted by ERISA's express preemption clause. Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 278 (3d Cir. 2001). Specifically, the Pryzbowski court

found that suits brought against insurance companies for denial of benefits "even when the claim is couched in terms of common law negligence or breach of contract," are preempted by ERISA. Id. As the plan in question is an ERISA plan, and Plaintiff's breach of contract claim is for benefits allegedly due under this plan, Plaintiff's claim for breach of contract is expressly preempted by ERISA and must be dismissed.

Plaintiff's Complaint also contains a claim for punitive damages due to Defendant's bad faith refusal to pay death benefits. Plaintiff does not specifically cite Pennsylvania's bad faith statute in this count of his complaint (42 Pa.C.S. § 8371); rather, he states that Defendant's refusal to pay benefits "totally lacks any merit whatsoever, thus is baseless, arbitrary and in bad faith." (Compl. ¶ 18.) Plaintiff further states that Defendant owed Plaintiff's decedent a "fiduciary duty of good faith and fair dealing and drawing a conclusion of suicide from what was most likely an accidental overdose of pain medication is in total bad faith." (Compl. ¶ 19.)

It appears that Plaintiff is requesting punitive damages from Defendant as part of a bad faith claim in Count II of the Complaint. This claim is preempted by ERISA and must be dismissed, as the Third Circuit has found that recovery of punitive damages for bad faith conduct by insurers is preempted by ERISA. See Barber v. Unum Life Ins. Co. of Am., 383 F.3d 134, 141 (3d Cir. 2004). Further, if Plaintiff is attempting to set forth a claim for Defendant's breach of the duty of good faith and fair dealing, this claim is also preempted by ERISA. See Pane v. RCA Corporation, 868 F.2d 631, 635 (3d Cir.1989) (ERISA preempts state law actions for breach of good faith and fair dealing); Mitnik v. Cannon, 784 F.Supp. 1190, 1194-1195 (E.D.Pa.1992), aff'd 989 F.2d 488 (3d Cir.1993) (ERISA preempts state law actions for breach of fiduciary duty as it relates to an

employee welfare benefit plan). Accordingly, Count II of Plaintiff's Complaint is preempted by ERISA and is dismissed. However, Plaintiff is given leave to file an Amended Complaint within twenty (20) days setting forth any and all claims Plaintiff may have under ERISA.

**2. Motion to Amend**

Plaintiff filed a Motion to Amend, seeking to file an Amended Complaint that contained the same Counts I and II as the original Complaint, but added claims for violation of 42 Pa.C.S. § 8371 (insurance company bad faith) and statutory bad faith. (See Mtn to Amend, Ex. A.) For the reasons set forth below, Plaintiff's Motion to Amend is denied. Plaintiff is, however, permitted to amend his complaint to set forth claims under ERISA.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend a pleading once within 21 days of service of the original pleading or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). If more than 21 days have passed since service of the original pleading or of a responsive pleading or motion, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a) (2). A motion for leave to amend can be denied due to "undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir.2000) (quoting In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997)). " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane, 213 F.3d at 115 (quoting Burlington, 114 F.3d at 1434).

In the instant matter, Plaintiff's proposed Amended Complaint would be futile, and therefore, leave to amend the complaint in the form requested by Plaintiff should be denied. Plaintiff's proposed Amended Complaint contains counts for violation of Pennsylvania's bad faith statute, 42 Pa.C.S. § 8371, and for "statutory bad faith." Both of these proposed new claims are preempted by ERISA. As discussed above, the Third Circuit has held that claims for bad faith brought under 42 Pa.C.S. § 8371 are preempted by ERISA. See Barber, 383 F.3d at 141. Although Plaintiff attempts to distinguish his claim for "statutory bad faith" in Count IV from his bad faith claim under 42 Pa.C.S. § 8371 in Count III, Count IV amounts to nothing more than another claim for bad faith under 42 Pa.C.S.§ 8371. Therefore, Count IV is also preempted by ERISA.

Accordingly, Plaintiff's Motion to Amend is denied, as all of the counts contained in the amended complaint Plaintiff seeks to file are preempted by ERISA. However, Plaintiff may file an amended complaint within twenty (20) days which sets forth any and all claims he may have against Prudential under ERISA.

## IV. **CONCLUSION**

For the foregoing reasons, I grant Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend. Plaintiff is hereby given leave to file an amended complaint within twenty (20) days which sets forth any and all claims Plaintiff has under ERISA.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.